IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-10093-01-WEB |
| | ) | |
| DOMINGO GARCIA-RUIZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Amended Memorandum and Order</u>**

This Amended Memorandum and Order, which supersedes the court's order of December 13, 2007, clarifies that the court granted a departure from the advisory guideline range instead of granting the defendant's objection to the PSR.

This matter came before the court on the defendant's objection to the Presentence Report. The court orally ruled on the objection at the sentencing hearing of December 13, 2007.  This written memorandum will supplement the court's oral ruling.

Defendant objects to the 2-point enhancement to his criminal history score contained in ¶ 29 of the PSR.  The PSR found the enhancement applied under USSG §4A1.1(d) because an outstanding probation violation warrant from defendant's prior California conviction meant he was still under a criminal justice sentence when he committed the instant offense.  Defendant contends he was in continuous custody and then deported following his California conviction, such that he could not comply with any conditions of probation and it would be unfair to apply the enhancement.  He points out that under the plea agreement, the Government has agreed not to oppose his position that the criminal history score is overstated by 2 points.

Based on Section 4A1.3(b), the court finds the defendant's criminal history category of III substantially over-represents the seriousness of his criminal history. The court further concludes that taking into consideration the circumstances cited by defendant, his criminal history score is overstated by 2 points and he should be treated as having a Criminal History Category of II instead of III. With this departure, the court will sentence the defendant using an advisory guideline range of 27 to 33 months, rather than the 30 to 37 month range calculated in the Presentence Report. Moreover, after considering all of the factors in § 3553(a), and the court's discretion to fashion an appropriate sentence based on those factors (*see United States v. Gall*, ___ S.Ct. ___, 2007 WL 4292116 (Dec. 10, 2007)), the court finds that a sentence of 27 months' imprisonment represents a sentence sufficient, but not greater than necessary, to serve the purposes of sentencing, including the need for the sentence to promote respect for the law and to afford adequate deterrence.

_Conclusion_.

The court grants a 2-point downward departure under § 4A1.3(b). The defendant's objection to the Presentence Report is therefore DENIED as moot. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this __17th__ Day of December, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

2